Good afternoon your honors. Mr. Carson. Your honor, may I reserve two minutes for rebuttal? You may. May it please the court. My name is Shannon Carson and my law firm, Berger and Montague represents appellants. Appellants are current and former employees of Nutrisystems Inc. who worked as telephone call center workers in Nutrisystems call center in Horsham, Pennsylvania. Based on the flat rate payments they received, the district court granted summary judgment against them and found them exempt from the overtime requirements of the Fair Labor Standards Act under the Retail Commission Exemption codified at 29 U.S.C. section 207I. Respectfully, this was an error which potentially affects hundreds of thousands of call center workers residing in the United States who are engaged every day in ordinary scripted inside telephone sales and processing of phone orders that arrive as the result of widely advertised 1-800 numbers on TV, the web, and print media. Tell us, if you will, what is a commission for purposes of the FLSA? Your Honor, the FLSA does not define the term commission, so we start there. Well, that's why I'm asking for your help. This panel would like to deal with the case, needs to deal with the case, and we may want to craft a rule or attempt to. So this is a matter of statutory interpretation. What's wrong with the way the district court construed it? There's not one way of looking at what a commission is? I looked it up in the dictionary. It's not at all clear from what the dictionary even defined it. Why is the way the district court construed it off the wall? Because the first rule of statutory construction, Your Honor, is that we are to ascertain the intent of Congress when it passed the statute. In 1965, when the statute was passed in 1961, we do look at the plain meaning. When we look at the plain meaning at the time the statute was passed, the DOL glossary of terms in 1965 defined commission earnings as, quote, compensation to salespeople based on a predetermined percentage of the value of sales. There is no directly applicable legislative history concerning the definition of commission, although there is legislative history showing that the intent in 1961 with the passage of the statute was to expand and broaden coverage. All right. We lack a definition. We lack any meaningful legislative history. So what should we look to? So you would next, Your Honor, look to the Department of Labor for guidance on this issue. And we have a longstanding regulatory provision there to look to, do we not? We do. For over 30 years, Your Honor, the Department of Labor has consistently defined commission-based compensation systems as those that are proportional to the cost passed on to the customer. And you've argued that this is not truly proportional. Is that true? You've argued that the system issued here today is not proportional at all. Well, it has some proportionality to it. It's not directly proportionate, but it has some relevance as to proportionality. Not exact, but there is some proportionality to it. Not precise. We respectfully disagree, Your Honor, and we believe that the record shows that nothing So in this case, this is a lack of evidence showing that there was any attempt by Nutrisystem to tie the flat rate payment that it paid to these workers to the price of the product sold to the customer. So your argument is that it has to be proportional to price? Not exactly, Your Honor. That would be a strict proportionality test like the one that we're So it needs to be proportional to the price paid by the customer, but it doesn't necessitate a test Could it be proportional to what Nutrisystem earns? Could it be proportional to their margin? I believe that it could be proportional to price. It could be proportional to labor costs taking into account the automobile repair cases. It could be proportional to the experience or skill level of the employees that are making the sale. For example, an employee with more experience or more skills could earn a higher percentage, but it has to fluctuate based on the price paid by the customer becomes meaningless. There is additional earnings here that one would make. Not exactly proportional to the price the customer is paying, but there is some incentive to sell more at a higher price. Is there not? If you're referring to the argument that, and I just want to make sure I understand your question, Your Honor, that there is an incentive for employees to sell at a higher price, we disagree with that. Companies put products on sale every day all the time, so they advertise 20 percent off or 30 percent off. The reason for that, Your Honor, is to move the product. It's to sell more product faster, and that benefits the employees who are selling the product. If I'm an employee and I'm selling cars, I want the automobile dealer to cut the price on the car so I can sell more cars. I don't think that argument is right for that reason. I also don't think it's right for a second reason, Your Honor, and that is this. The exemption only requires that 50 percent of commissions, 50 percent of total earnings are commissions. It doesn't require 100 percent. So there are plenty of ways that a company can incentivize its workers in that other 50 percent of compensation, whether through bonuses or increased hourly rates or spits or whatever, but there are lots of ways that you can incentivize employees and still pay a commission as consistently defined by the Department of Labor for 30 years. It's something before you. I'd just like, do we owe the Department any deference here? There's no regulations that they've been empowered to create in order to determine what is or is not a commission. Yes, Your Honor, and it wouldn't be Chevron deference, but it would be Skidmore deference. We owe them Skidmore. Yes, I believe Skidmore deference is appropriate, and I see my time is up and I'm reserving. Mr. Chairman, could I let the Department of Labor respond further? We'll allow the Department to argue what they'd like, but let me ask you though. You're suggesting to us your whole argument is predicated on the assumption that the District Court got it wrong, so give us a workable rule that we can apply in this and future cases relative to proportionality. Sure, Your Honor. The workable rule is the one that has been adopted by the Sixth Circuit Court of Appeals in the Wilkes v. Pep Boys case. Give me the wording so I can write it down when we put it in the opinion. How does the wording go? You write the rule for us. I'll give you credit in a footnote. To constitute a commission under 29 U.S.C. 207I, the employer must establish some proportionality between the compensation to the employees and the amount charged to the customer. Here... Proportionality. It doesn't have to be exactly prorated, does it? It doesn't have to be exactly, but let me give you an example. If my clients, if appellants, sold $293 worth of product, they received $18. If they sold $371 worth of product, they received $18. Importantly, if NutriSystem increased the price of its products so that it could reap a bigger profit for itself, our clients still received the same flat payment of $18. No matter what, at the end of the day, they always received the same flat payment of $18, and that includes even when they sold a product that repeated, NutriSystem tracked those sales, so this auto ship product, so that the company ultimately receives close to $1,000 for a three-month order, they still received the same flat rate of $15. Now, establishing the definition of commission using NutriSystem's definition, which really lacks basis in the law, it doesn't have any basis at all, where you're ascribing the definition of commission to the value that's placed upon the service by the employer, that's the hallmark of a piece rate system, and that's why we believe that this is a piece rate system here. NutriSystem determined what was the value of the service that was provided and what's necessary for me to incentivize these workers to sell it. That's absolutely no different than any other piece rate system. In fact, those are the hallmarks of such a system. Except this is a sales business, and the opinion letter that the Department of Labor referred to was not in a sales business, per se, was it not? Agree, Your Honor, but... I mean, when you look at this, and it's hard to define it, and commission isn't defined, but this just looks like a commission to me. And we talk about some proportionality. The percentages are pretty close, even on the auto ship. It's one percentage point higher, but it's within what one could argue would be some proportionality. Any comments? Well, Your Honor, yes. The fact that they're sales employees only means that they fit the first part of the test. You have to... it's a retail sales commission exemption, so you need to be involved in a retail or sales establishment. But that doesn't get you past the second part of the test, which is that it's got to be a bona fide commission. And a bona fide commission is not, as the Department of Labor has taught us for 30 years, something that's paid on a purely flat-rate basis. If we establish that to be the rule, all havoc could break loose. It really could. You have given a blank check to the call centre industry, which is absolutely huge, to go back and change its system so they just don't have to pay overtime anymore. And taking that out to a logical conclusion, it doesn't stop with telephone call centres. It also applies to the rest of retail. So we really believe that that's a very, very slippery slope and dangerous precedent to set, and that's why the Department of Labor has defined commission the way that it has. All right, we'll have you back on rebuttal.  Thank you, Ms. Moskowitz. Thank you. Ms. Moskowitz, your brief has really focused on the second issue in this case. And what I would ask, just to be clear, is if the panel were to determine that this is a bona fide commission, we don't reach the second question, do we? May it please the Court, my name is Laura Moskowitz, appearing on behalf of the Secretary of Labor as amicus in support of the appellants in this case. And we would ask that even if the Court is inclined to affirm the district court with respect to the Section 7i issue, that the Court still visit this issue about inherent incompatibility and whether the district... I understand you would like us to resolve the question or you wouldn't have filed an amicus, but my question is, we don't have to resolve that second question, right? Agreed, Your Honor. And it would be dicta if we did. There would be no need to reach it. However, I think the Department is involved in this case on both of these issues because the Secretary believes it's very important that the FLSA not be misinterpreted or misread to bar otherwise valid state law class actions proceeding simultaneously in federal court with a Fair Labor Standards Act Rule 16b, collective action. So we do think it's a very important issue and that the district courts in this circuit and beyond, some of them... We understand. ...have misinterpreted that. And if we don't reach it, we leave that open for another day. That's right, Your Honor. That's not all bad. Well, we would like to see the Court reach it and clarify that DSNCO did not establish a rule as a matter of law that there's inherent incompatibility between a collective action that's an opt-in under Rule 16b and an opt-out under Rule 23. So we encourage the Court to reach that issue. But on the issue of the Section 7i exemption for commission-paid employees, to reiterate what Mr. Carson said, the commission is not defined under the Fair Labor Standards Act, but the Department of Labor has interpreted a commission for purposes of the Section 7i exemption for over 30 years to mean that that compensation paid to an employee must bear a relationship to the cost of the goods sold or the services provided. Well, and what about the point that Judge Fisher made? And that is that there is a range here, a percentage range of commissions. And that range doesn't vary very much. There is a small band of a percentage point something between these various products and between these various products for men and women. Isn't that sufficient for purposes of reaching the proportionality determination that the rule requires? The Department submits that that isn't. The question isn't, is there sufficient proportionality, but what is the commission payment based on or the so-called commission payment? The compensation in the Department's view needs to be somehow linked to the cost of the goods sold or the services provided to the customer. That's what the percentages are based upon. That is, they're based upon the price. Right. So in NutriSystem's view, in NutriSystem's own word, their flat fee payments are based on the value that NutriSystem places on the types of sales, the difficulty of the sale or the time of day, rather than the cost of the product or the goods sold. Now, the Department of Labor's interpretation, historical interpretation, is that there needs to be this safeguard, this prerequisite that the compensation is tied to the goods, the cost of the goods sold or the services provided to the customer. This is a clear and narrow interpretation, as is proper under the FLSA, of what the commission exemption requires, and it's for employees or for employers, the regulated community, to understand what is the commission. It has to be tied to the cost passed on to the customer as opposed to a subjective number that the company arrives at based on some other determination based on their business purposes. Now, we're not saying... But where is it written, or otherwise, that the commission has to be exactly a percentage of what the customer is paying? Where is this ordained in the law? Except that, you know, this is your position, but where is it in the law that it must be exactly mathematically related as a percentage of what the customer is paying? It doesn't need to be mathematically exactly related as a percentage. We've talked about... The department talks about the percentages being one of the ways to inherently relate the compensation paid to the employee and the cost of the goods, but it doesn't need to be a strict percentage. It could be a flat fee that also bears a relationship to the value of the services provided or the cost of the good. The point is that it be established in relationship to the goods sold or the service provided as opposed to some other criteria. Now, the company, as Mr. Carson mentioned, companies are free to provide additional incentives as NutriSystem did here to encourage workers to work an overnight shift, to make those more difficult outbound calls, those kinds of things, but there has to be a baseline relationship between the compensation paid and the cost of the goods sold. The department feels that this is a very important safeguard or touchstone for the commission exemption before employees are deemed to be exempt from the overtime requirement. What are you asking us to give skid more deference to? We're asking that the court defer to the department's articulated views in opinion letters, over ten opinion letters over the course of 30 years, and also the department's Wage and Hour Divisions Field Operations Handbook, all of which enunciate and reiterate these same ideas, the department's view of interpretation of commission. It appears to me from what's been cited that there are three opinion letters that are closest here, but none of them really have to do with this kind of sales telemarketing concept that you have here in this case. The opinion letter that's closest to this with sales is the opinion letter that talks about gym membership sales. There was a question, this was a 2005 letter, a question of employees who were selling memberships to the gym and employees who were also giving lessons, instruction in the gym, and the department didn't have enough information to give a definitive answer, but gave guidance in that area that to the extent that the gym employees were selling memberships and receiving a flat fee, that those flat fees were paid without regard to the cost of the product, whereas a percentage would be more favorable, for example, if those instructors instead of getting a flat fee per lesson were given a percentage of the revenue of the lesson. So that letter is applicable in this case. But you've never held that all flat fees are per se not commissions? No, and we don't view that as the case. It could be a flat fee that bears a relationship to the cost of the product or the services provided. So that's why I guess I was asking. You know, when you're asking us to give Skidmore deference here, you answered the letters  the handbook, but in looking at what is perhaps most persuasive of anything you've said, it's your brief. And I'm not sure that as an amicus that you're entitled to any more than you're getting here today an opportunity to speak as opposed to Skidmore deference. Well, we would also ask that the court give Skidmore deference to our brief, which did have the opportunity to flesh out these ideas and tie them together more closely via pain letters. Has a court ever so held that an agency brief is entitled to Skidmore deference? I believe in the Holowecki case, Supreme Court case, the Supreme Court did notice that the EEOC had put forth that position in their brief that that was part of their deference. Is it possible to craft a rule here beyond  reference to proportionality as that concept with whatever mathematical implications it has is set forth in the department's rule? Well, we believe the department's rule is not simply proportionality. It's the relationship of the compensation paid to the employee. It has to link to the cost of the good or the service provided. So rather than saying it's proportional how much is sufficient it's what is it based on? What is it linked to? And we submit that that's what the court should use in crafting that rule. Thank you. I see my time is up. Thank you. Thank you, Ms. Musgrave. Ms. Bouchard. Good afternoon. May it please the court. My name is Sarah Bouchard and along with my colleague Jonathan Krauss we represent Nutrisystem in this matter. As you've stated there are two issues on appeal but only one of which needs to be decided today and that is whether Chief Judge Bartle correctly ruled that Nutrisystem sales associates are exempt under 7i of the FLSA. The case law as well as some basic common sense demonstrate that Nutrisystem sales associates were paid pursuant to a bonafide commission plan. Neither the FLSA nor the regulations define the term commission so what we have is something more akin to a smell test. Yeah, but where did Nutrisystem present any evidence demonstrating that the flat rate payment is proportional to the cost of the meal plans? There's nothing in the brief that relates to that. Actually we did, Your Honor and the district court below noted that this isn't the difference between a $10 ring and a million dollar ring. In fact four of the five meal plans cost exactly the same amount of money and that's $342. The only meal plan that is any different in price is a difference of $30 and that's $371 for the men's meal plan simply because of the cost of food. But where did it show that there was a proportionality between the price paid and the money the commission received? They've decided to pay $18 to daytime associates who are selling those meal plans and so the proportionality is basically a 5% commission. Basically it's not a strict 5% of what the cost is to the customer on every sale. Well the customer is charged $342 and on $342 Right. What I'm asking is what is the evidence of the proportional relationship between the commission made and the price to the consumer? What is the what's the what is the proportionality and where is it demonstrated? Well it's demonstrated that Nutrisystem wants to pay $18 to its daytime associates for that particular sale and although the percentage may decrease ever so slightly for the men's program Nutrisystem has made a decision that it doesn't want to incent associates to only go after men's sales versus women's sales such that there's no need for pay and the commission made. There's not strict proportionality and as the Sixth Circuit and Wilkes stated which Judge Bartle also noted strict proportionality is not required and no court has ever ruled that strict proportionality is required. Has any court ruled that it is not required? Some proportionality? I think the cases of Judge Posner in Yee and also in Mehmet and also the Kleindenz decision all really speak to the value of the employee rather than proportionality. We are conceding with Judge Bartle that some proportionality is required but in those decisions they also speak to the value of the services provided by the employee which I believe the Department of Labor also stated was part of what constitutes a valid commission. You say there's not exact proportionality here. So my question to you is when you say there doesn't have to be exact how much wiggle room is there in this? I mean you know what is a little proportionality to you might be a lot of proportionality to someone else. How much wiggle room how does a court make a decision when you say we have the exemption if there is some proportionality? Well what you're leaving the door open to definition and we're off into the never never land. I don't think that Judge Bartle felt comfortable defining the outer limits. I don't think that it's what's the range then? What is your position what is your litigation posture as to the range of what the proportionality can be? Well I can say that in the facts presented here there is proportionality. Well of course but suppose what's the next case? It's a little bit not quite as how far is the range? I can speculate that if there was $3,000 on an initial sale and the sales associate received $18 that that would probably not be proportional. Well if we agree with you like your friend across the aisle give us the words we put in the opinion as to how proportional the proportionality has to be. How do we phrase it? Well I think if I may rephrase if that's okay I think that the definition would be what constitutes a bona fide commission and I think that there are three factors that this court could put into that opinion. And it does not have to be mathematically exactly the same and the range that it would be acceptable or not acceptable is how do you define it? What do we put in that opinion? Well I think what you put is the three factors which a bona fide commission reflects the value of the service that it provides. Yeah but what is does not have to be exact proportionality? Exact? No. I could drive a boat through that. We do not think that there should be exact proportionality and I think what Mr.   was that Mr. Parker's hours if it was a piece rate what you would see is a linear progression of the amount of hours worked would correlate to the compensation made. It would not be a straight line. But if you look on page 29 what you see with Mr. Parker's compensation related to his hours is that it's all over the place. And that's one of the hallmarks of a valid commission that the sales associate is not always in control like knitting a sweater or making a blanket. There are preferences of the customer involved. There's incentives you have to persuade and that's what the Skidmore Deference question is. In the District Court's opinion you mentioned the opinion letters. Didn't talk in terms of Department of Labor Skidmore Deference and in fairness to you the Department of Labor brief wasn't filed after your brief was filed so you didn't respond to that per se. But can you tell us what your position is on the other side's position that the DOL's consistent interpretation deserves Skidmore Deference? Well I think the DOL had stated that the gym membership case was the closest one that could be analogous to this case and importantly she said they didn't even decide on it so I'm not sure how we're going to do that but I think we need to look at all of the factors in Skidmore Deference which are validity of reasoning consistency with earlier and later pronouncements and the thoroughness evident in the consideration. I think Judge Bartle made a very reasoned opinion here and we haven't heard anything we're all on the same page as to what the standard is. Some of the   Judge Bartle made were not consistent with the appropriate standard. What's our standard of review here? On a summary judgment decision it is de novo. On the second issue it's an abuse of discretion. On the first issue you like to point to Judge Bartle's decision but it is de novo. I think he got it right. There's some question that the other side puts plainly and unmistakably language to suggest that it's more than a preponderance of the evidence standard but that's simply not the case. The case law all makes clear that exemptions are resolved on a preponderance of evidence basis. It seems like though that their analysis although they point only to the fitness center letter that their analysis has been consistent over 30 years in how they analyze these cases and in the absence of a definition on commission shouldn't that be persuasive to us? Well if it is you need to look at the DOL opinion letter in 2006 in which they said a flat rate which was flag hours constituted a valid commission and that's very similar to the circumstances in Yee. So I think that there are opinion letters that go in our favor as well that are consistent with the Seventh Circuit in Yee which also go to the standard that there needs to be if the panel has no further questions. Okay. Thank you. Thank you very much. Yes. If you would a second on the second issue. Sure. The on the second issue the court actually decided the second issue before the  issue. That's correct. Okay. Now suppose we disagree with your position on commission. Is there still an argument that the court was correct on the second issue that the two of these two claims should not be combined? Absolutely. That's definitely our position. Okay. Connors. Connors with respect to the second issue I just wanted to bring up because it's on the basis of an intervening event the Supreme Court's decision in the Shady Grove case and bring that to commend to your Honor's attention. How does Shady Grove throw any light on this case? We believe it actually it does shed some light on the De Asensio opinion. One aspect of it your Honor which is this in the Shady Grove opinion the court as you all know provided that the New York statute prohibiting penalties in class actions was trumped by Federal Rule 23. In that opinion the Supreme Court affirmed that the number of class violations in the Shady Grove case was not sufficient to tip the scales. What tipped the scales in the De Asensio opinion of course was the novel and complex issues of state law under the Wage Payment and Collection Act. Which would impact on commonality. Not numerosity and commonality. I don't mean to say numerosity or commonality Your Honor. What I mean to say is that the issue that the Third Circuit found relevant in De Asensio which was the predomination of number of class members in the state law class claim versus the FLSA opt-in claim said in De Asensio that that may abridge a substantive right of the defendant. And in Shady Grove the Supreme Court clarified that that's a mere procedural difference which does not abridge any substantive right. And we think that that sheds some light on the situation and actually is in line with the definition of commission we believe is another factor that shows   should prevail. What's important here is the standard of proof and the fact that the definition of commission is a standard  proof and the fact that this court and the Supreme Court have ruled consistently that exemptions to the FLSA are to be narrowly construed and drawn against the employer. So where there is given to plaintiffs in FLSA litigation and construing FLSA exemptions. Thank you very much. Thank you very much counsel. It's an interesting issue. We'll take it under advisement.